UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELISSA R. COMER, et al.,**

       **Plaintiffs,**

                                  **Civil Action 2:15-cv-2599**
      **v.**                             **Judge Gregory L. Frost**
                                  **Magistrate Judge Elizabeth P. Deavers**

**MARNE C. SCHMITT, et al.,**

       **Defendants.**

<u>**ORDER and**</u>
<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the Court for consideration of Plaintiffs' Combined Motion for Leave to Amend First Amended Complaint and to Remand (ECF No. 18), Defendant's Memoranda in Opposition (ECF Nos. 21 & 22), and Plaintiffs' Reply (ECF No. 35).  For the reasons that follow, Plaintiffs' Motion to Amend is **DENIED.**  Furthermore, it is **RECOMMENDED** that Plaintiffs' Motion to Remand be **DENIED**.

**I.**

Plaintiffs, citizens of Ohio, filed their original Complaint in the Licking County, Ohio, Court of Common Pleas on February 11, 2014 against Defendant Marne Schmitt, a citizen of Ohio, asserting negligent operation of a motor vehicle that caused an automobile accident involving Plaintiff Melissa R. Comer.  (ECF No. 19 at 2.)  Plaintiffs reached a settlement agreement with Defendant Schmitt on October 20, 2014.  (ECF No. 20 at 4.)

On January 20, 2015 Plaintiffs filed their First Amended Complaint in state court, adding Defendant General Motors ("GM"), a Delaware limited liability company whose principal place

of business is in Michigan and whose members are created under Delaware law and have a principal place of business in Michigan.  In the Amended Compalint, Plaintiffs asserted claims for product liability for certain alleged defects in the vehicle driven by Plaintiff at the time of the accident.  (ECF No. 19 at 2.)  Defendant GM filed its answer on March 3, 2015.  (*Id*.)  On May 14, 2015 Defendant Schmitt filed a motion to enforce her settlement with Plaintiffs.  (ECF No. 12.)  In her memorandum in support in that action, Defendant Schmitt asserted that Plaintiffs refused to consummate the settlement because they wanted to keep her in the case in order to forestall removal to this Court on diversity grounds.  (ECF No. 12 at 2, 3.)   Defendant GM confirmed the existence of the agreement between Plaintiffs and Defendant Schmitt on July 6, 2015, when it received a forwarded email originally sent from Plaintiffs' counsel to Defendant Schmitt's counsel.  (ECF No. 21 at 5-6.)    Four days later, on July 10, 2015, Defendant GM filed its Notice of Removal in this Court.  (ECF No. 1.)

On August 5, 2015 Plaintiffs moved this Court for leave to amend their complaint in order to add Defendant Dave Gill Chevrolet ("Dave Gill"), an Ohio corporation whose principal place of business is in Ohio, asserting negligence and breach of warranty in selling the vehicle driven by Plaintiff at the time of the automobile accident.  (ECF No. 18-1 at 11-15.)  In the same motion, Plaintiffs moved the Court to remand this case to state court.  (ECF No. 18 at 1.)

## II. Standard of Review

Generally, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally.  28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).  A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy

exceeds $75,000.00, exclusive of costs and interests.  28 U.S.C. § 1332(a).  *Rogers*, 239 F.3d at 871.

When an action is removed based on diversity, a federal court must determine whether complete diversity exists at the time of removal.  *Coyne v. American Tobacco Co.*, 183 F.3d 488, 492 (6th Cir. 1999).  "Diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation." *Id.* (quoting *SHR Ltd. Partnership v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989)).

If the case initially is not removable under the above standards, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable.  28 U.S.C. § 1446(b)(3).  Removal based upon diversity jurisdiction may not be sought, however, more than one-year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.  28 U.S.C. § 1446(c)(1).

The Sixth Circuit has not clearly defined the meaning of "bad faith" in the statute. Federal courts that have examined the statutory language, however, agree that the issue is whether the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court.  *See Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433, at *4 (W.D. Ky. Dec. 5, 2014); *Taylor v. King*, No. 5:12–CV–1, 2012 WL 3257528 at *4 (W.D. Ky. Aug. 8, 2012); *Ehrenreich v. Black*, 994 F. Supp. 2d 284 (E.D. N.Y. 2014) (discussing the statutory language and finding that the "bad faith" exception was not met because the plaintiff did not take any actions intended to prevent removal).

"If after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "The general impetus for applying § 1447(e) is for the trial court to use its discretion and determine if allowing joinder would be fair and equitable."  *City of Cleveland v. Deutsche Bank Trust Co.,* 571 F. Supp. 2d 807, 823 (N.D. Ohio 2008).  Although the Sixth Circuit has issued little guidance regarding § 1447(e), the cases generally agree that courts should consider the following factors:  (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in seeking amendment; (3) whether the plaintiff will be significantly prejudiced if amendment is not allowed; and (4) any other equitable factors.  *See id.* (collecting cases).  Of the relevant factors, the first appears to be of paramount importance.  *Id.* (citing *J. Lewis Cooper Co. v. Diageo  N. Am., Inc.*, 370 F.Supp. 2d 613, 618 (E.D. Mich. 2005) ("These factors [. . .] are intended to answer the ultimate question whether the primary purpose of the proposed joinder is to oust the case from the federal forum."); *Roberts v. Standard Ins. Co.*, No. 04 C 2027, 2004 WL 2367741, at *5 (N.D. Ill. Oct. 15, 2004) ("The motive of the party seeking to amend a complaint is considered to be the most important factor [. . .]."); *Boyd v. Diebold, Inc.*, 97 F.R.D. 720, 723 (E.D. Mich. 1983) ("In cases where joinder will necessitate a remand to state court, the Court should pay particular attention to the motive underlying the plaintiff's motion to amend.")).  The four factor analysis is designed to aid a court in determining whether a motion to amend has been filed for an improper purpose.  *J. Lewis Cooper*, 370 F.Supp. 2d at 618.

## III. Analysis

### A. Plaintiffs' Motion to Remand

Plaintiffs question whether the Court may exercise diversity jurisdiction over this case upon two grounds.  Plaintiffs first argue that there has never been complete diversity of parties in this case.  Plaintiffs second assert that Defendant GM, in waiting more than one year after the initial filing in state court, did not timely file its notice of removal.

#### 1. Diversity of Parties

Plaintiffs allege a lack of complete diversity both at the time of removal and in the current posture because Defendant Schmitt, an Ohio citizen, has been and continues to be a defendant. (ECF No. 20 at 4-7).  Defendants counter that Schmitt, by virtue of her unconsummated settlement agreement with Plaintiffs, is merely a nominal party that the Court should not consider when determining whether complete diversity of parties obtains.  (ECF No. 21 at 9.)  Plaintiffs argue that Defendant Schmitt remains a real party in interest because the settlement agreement is "contingent" upon the disposition of all subrogated medical liens.  (ECF No. 20 at 9.)

The Court is mindful that other courts in the Sixth Circuit have held that where a plaintiff agrees to a settlement with all non-diverse defendants, "[p]laintiff, by his voluntary act has definitely indicated his intention to discontinue the action as to the non-diverse defendant [and] indicated that he no longer desires to dictate the forum and the case then becomes removable under 28 U.S.C. § 1446(b)."  *Di Natale v. Subaru of America*, 624 F. Supp. 340, 343 (E.D. Mich. 1985).  Similarly, the Sixth Circuit has held that such nominal parties are not real parties in

interest and, therefore, may be disregarded in evaluating the propriety of exercising diversity jurisdiction. *Maiden v. N. Am. Stainless, L.P.*, 125 F. App'x. 1, 3 (6th Cir. 2004).

Plaintiffs admit the existence of a settlement with Defendant Schmitt in their briefings. (ECF No. 20 at 10.)  Plaintiffs, however, maintain that Defendant GM had knowledge of the settlement which put it on notice of the availability of removal prior to receiving the July 2015 email. (*Id*. ("GM has known about the parties [sic] agreed settlement in an amount certain since at least April 6, 2015."))  Plaintiffs, nevertheless, maintain that this Court should find the settlement wholly illusory for purposes of determining diversity.  (ECF No. 20 at 7.)

The Undersigned concludes that Plaintiffs' subsequent actions, including the failure for nearly a year to settle subrogated claims related to Defendant Schmitt's settlement agreement valued at less than 10% of the settlement amount, suggest that Defendant Schmitt's continued presence in this action is unrelated to any real interest in the claim or controversy.  Defendant Schmitt's motion to enforce settlement also includes communications between her counsel and Plaintiffs' counsel that tend to confirm she is no longer a real party in interest.  (ECF No. 12.)  For instance, counsel exchanged emails as early as October 24, 2014 confirming the terms of the settlement.  (ECF No. 12 at 10-11.)  Plaintiffs never disputed the terms of the settlement and never sought to renegotiate the amount Defendant Schmitt would pay.  (ECF No. 13.)

Accordingly, the Undersigned finds that Defendant Schmitt is a nominal party in the instant case.  Therefore, complete diversity of the parties, as required by 28 U.S.C. § 1332(a)(1), existed at the time Defendant GM filed its notice of removal and continues in the action's present posture.

**2. Timeliness of Removal**

Plaintiff next argues that Defendant GM untimely filed its notice of removal.  (ECF No. 20 at 9.)  It is undisputed that Defendant GM filed its notice of removal more than one year after Plaintiffs filed their initial complaint in state court.   The parties disagree, however, about whether Plaintiffs' conduct with respect to the Schmitt settlement constitutes "bad faith" under 28 U.S.C. § 1446(c)(1) that would allow Defendant GM to remove the case beyond the one year deadline.

Bad faith, for the purposes of § 1446(c)(1), need not amount to malicious or unsavory conduct.  To find bad faith, the Court need only determine that Plaintiffs engaged in intentional action or inaction that prevented Defendant GM from otherwise properly filing for removal before the expiration of the one year period.  *Hiser v. Seay*, No. 5:14-CV-170, 2014 WL 6885433 at *4 (W.D. Ky. Dec. 5, 2014) is instructive.  In *Hiser*, plaintiffs intentionally delayed their acceptance of settlement offers from the non-diverse defendants until after the one year removal date had passed.  *Id*. at *3.  The court subsequently found that such intentional conduct satisfied that statutory bad faith requirement, thus allowing defendant to remove beyond the one year deadline.  *Id*. at *4.

In the instant case, Plaintiffs added Defendant GM in state court three weeks before the expiration of the § 1446(c)(1) deadline.  Defendant GM was aware at that time of the possibility that Plaintiffs and Defendant Schmitt had reached a settlement agreement.  (ECF No. 21 at 2.)  The amended complaint that added Defendant GM, however, retained Defendant Schmitt as a party, as well.  (ECF No. 1-6 at 51.)  Plaintiffs continued to resist consummating the settlement

7

and opposed Defendant Schmitt's motion to enforce settlement.  (ECF No. 13.)   On April 6,

2015, Defendant Schmitt's counsel contacted Defendant GM's counsel and indicated that

Plaintiff's counsel "is holding Marne Schmitt in the case because the Plaintiff does not want this

case removed to Federal District Court."  (ECF No. 12 at 24.)  He proposed that Defendant GM

agree not to remove the case in order to facilitate consummation of Defendant Schmitt's

settlement with Plaintiffs.  (*Id.*)  It was not until July 6, 2015, that Defendants were able to

confirm that Plaintiffs acknowledged that a settlement agreement existed with Defendant

Schmitt.  (ECF No. 21 at 5-6.)  Four days later, on July 10, 2015, Defendant GM filed its notice

of removal.

Plaintiffs' methodical delay in consummating the settlement agreement is sufficient to

constitute intentional inaction that prevented Defendant GM from removing the case to federal

court within the one year statutory deadline.  Such intentional inaction amounts to bad faith

under § 1446(c)(1), allowing Defendant GM to properly remove thereafter within 30 days of

receipt of some "other paper from which it may first be ascertained that the case is one which is

or has become removable." 28 U.S.C. § 1446(b)(3).  The forwarded email, originating from

Plaintiffs' counsel, was the first "other paper" Defendant GM received that would allow it to

ascertain that the case is removable in good faith.  Defendant GM properly removed four days

later.  Accordingly, the Undersigned finds that Defendant GM timely filed its notice of removal

under both § 1446(c)(1) and § 1446(b)(3).

In sum, the Undersigned finds that complete diversity of parties existed at the time of

removal and continues pursuant to 28 U.S.C. §1332(a)(1) and that Defendant GM complied with

the requirements of 28 U.S.C. § 1446. Defendant GM's removal of this case to federal court, therefore, was proper. Plaintiffs' Motion to Remand is without merit.

## B. Plaintiffs' Motion to Amend

Plaintiffs seek to amend their complaint, post-removal, in order to add Defendant Dave Gill, a non-diverse defendant, as a party. Plaintiffs argue that this Court should grant their motion based on Federal Rule of Civil Procedure 15(a)(2), pursuant to which leave to amend is ordinarily "freely given." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999). Under Rule 15(a)(2), amendments that would deprive the Court of jurisdiction are evaluated under the doctrine of fraudulent joinder. *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). "Under the doctrine of fraudulent joinder, the inquiry is whether [Plaintiffs] had at least a colorable cause of action against [Defendant] in the . . . state courts." *Id.* Defendants counter that Plaintiffs' motion should be denied based on 28 U.S.C. § 1447(e), which provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the Court may deny joinder, or permit joinder and remand the action to the state court." Analysis under 28 U.S.C. § 1447(e) rests upon different criteria than those applied under the doctrine of fraudulent joinder because the two tests serve distinct purposes. Courts use the doctrine of fraudulent joinder to prevent a plaintiff from naming "non-diverse nominal or irrelevant parties" under Rule 15(a)(2) in order to avoid removal. *City of Cleveland*, 571 F.Supp. 2d at 824 N. 27. "In contrast, Section 1447(e) enables a court to prevent a party from single-handedly depriving it of jurisdiction by giving the court the discretion to prohibit joinder of non-diverse parties after removal." *Bridgepointe Condominiums, Inc. v. Integra Bank Nat. Ass'n*, No.

9

CIV.A. 08-475-C, 2009 WL 700056 at *2 (W.D. Ky. Mar. 13, 2009).  Without judging the merits of Plaintiffs' proposed amendment under the Rule 15(a)(2) criteria, the Court finds that Plaintiffs' motion is subject to § 1447(e) analysis because granting leave to add claims against Defendant Dave Gill in this action would deprive the Court of its federal diversity jurisdiction over this matter.

In applying § 1447(e), courts in the Sixth Circuit consider, as previously set forth, whether the purpose of the amendment is to defeat federal jurisdiction, dilatoriness, prejudice, and any other equitable factors.  *See City of Cleveland*, 571 F.Supp. 2d at 823 (collecting cases).

In the instant case, Plaintiffs sought leave to add Defendant Dave Gill, a non-diverse party, on August 5, 2015.  (ECF No. 18.)  Plaintiffs' motion was filed eighteen months after they initiated this action in state court, but just weeks after removal to federal court.  As Plaintiffs maintain in their proposed amended complaint, Defendant Dave Gill sold to Plaintiffs the car that is the subject of Plaintiffs' breach of warranty and products liability claims.  (ECF No. 18-1 at 11-12.)  Plaintiffs, therefore, had direct knowledge of the facts underlying their claims against Defendant Gill from the outset of this suit.  Despite facing few, if any, obstacles to pleading their claims against Defendant Dave Gill when they commenced this action in state court, where it remained for almost eighteen months, Plaintiffs moved to add this non-diverse defendant only after removal to federal court.

In applying the appropriate factors, the Court finds that Plaintiffs have been dilatory in filing their claims against Defendant Dave Gill.  The extent of Plaintiffs' eighteen month delay, coupled with the timing of their amendment immediately following removal to this Court, suggests that Plaintiffs' intent in amending is not to pursue their stated claims against Defendant

Dave Gill. The Court finds, rather, that Plaintiffs seek to add Defendant Dave Gill primarily for the purpose of depriving the Court of federal diversity jurisdiction over this matter.

## IV.

In sum, Defendant GM properly removed this matter to federal court under 28 U.S.C. 1441(a) based on federal diversity jurisdiction granted in 28 U.S.C. § 1332(a)(1). Furthermore, Plaintiffs seek leave to amend their Complaint primarily for the purpose of depriving the Court of federal diversity jurisdiction over this matter. Accordingly, for the reasons explained above, the Court **DENIES** Plaintiffs' Motion to Amend. Furthermore, the Undersigned **RECOMMENDS** that Plaintiffs' Motion to Remand be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, it may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

11

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: October 14, 2015                    _____ /s/ *Elizabeth A. Preston Deavers*
                                          ELIZABETH A. PRESTON DEAVERS
                                          UNITED STATES MAGISTRATE JUDGE