IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELISSA R. COMER, et al., | Case No.: 2:15-cv-2599 |
| Plaintiffs, | |
| | Judge Gregory L. Frost |
| vs. | |
| | Mag. Judge Deavers |
| MARNE C. SCHMITT, et al., | |
| Defendants. | |

## STIPULATED PROTECTIVE ORDER

AND NOW, this ___ day of November, 2015, it is hereby ORDERED and DECREED that:

(A) Pursuant to the Federal Rules of Civil Procedure, certain materials to be produced by Defendant General Motors LLC ("GM") will be produced subject to the provisions of this Order.

(B) Defendant GM may designate as "Confidential Material" material produced or disclosed to Plaintiff through the discovery and disclosure processes recognized by the Federal Rules of Civil Procedure. The designation shall make such items and all copies, prints, or other reproductions of such material subject to this Order. All such Confidential Material produced by GM shall be clearly stamped or labeled on each page to indicate that such material is subject to this Order. Electronically created or stored information or other types of information based upon or containing such Confidential Materials shall be similarly designated in clear terms. Designations shall be indicated on each page in such a way that does not obscure or cover any writing or information in the document in any way (e.g. stripes, writing, or lines across the text

2

of a document are a violation of this Order). Attached as Exhibit A is an example of an acceptable designation.

(C) Defendant GM shall only designate its trade secrets or other commercially sensitive or proprietary materials as Confidential Material under this Protective Order after making a good faith determination that the designated material contains protectable information under Federal Rule of Civil Procedure 26(c)(1)(G).

(D) At any time prior to entry of final judgment, in the event that Plaintiff disagrees with GM's designation of material as Confidential Material in this case and subject to this Order, Plaintiff shall send written notice to GM's counsel in this case identifying the material. For any material which GM wishes to maintain its protected status as Confidential Material pursuant to this Order, GM shall file a motion within thirty (30) days of receipt of written notice seeking a determination from the Court of the material's protectable status under applicable law and stating the reasons each specific document or material should be afforded a confidential, protected status. If GM fails to file a motion within thirty (30) days of receipt of written notice, the protected status and designation as Confidential Material pursuant to this Order shall be waived and GM shall reproduce the material without any protection or confidential designation within fourteen (14) days of the waiver. Any material identified in Plaintiff's written notice and/or GM's motion shall maintain its protected status and Confidential Material designation pursuant to this Order until such time as the Court rules upon GM's motion or waiver by GM. The burden of proving any confidential, protected status shall be upon the party bearing that burden under existing Federal law.

(E) Confidential Material produced by GM subject to this Order may be disclosed only to persons listed in subparts (a) through (h) below. Confidential Material may be disclosed to:

- a) Attorneys of record (retained by the parties) and their partners and associate attorneys;

- b) Any persons regularly employed by such attorneys or their firms, when working on this case under the supervision of partners or associate attorneys of said firms;

- c) Any independent expert or consultant specifically retained by counsel in this case to provide assistance, expert advice, technical consultation, or testimony, and the employees of such experts, consultants or similar persons when working under the supervision of said persons;

- d) The Court, its personnel, and members of the jury, subject to the provisions of Paragraphs H and K;

- e) Court Reporters, interpreters, or other personnel reasonably required for the preparation of transcripts or testimony;

- f) Mediators agreed to by the parties and other individuals appointed by the Court;

- g) Witnesses, during deposition or trial testimony, who may be shown and questioned about the Confidential Material, subject to the provisions in Paragraphs H and K;

(F) Recipients of Confidential Material shall not disclose the information to any other person to whom disclosure is not authorized by the terms of this Order. Recipients of Confidential Material shall ensure that the confidential, protected status is maintained. This provision will not apply to material which was designated as confidential but subsequently determined not entitled to such protection by order of the Court.

(G) Before receiving access to any Confidential Material or the information contained therein, recipients of Confidential Material shall be provided a copy of this Order and asked to

familiarize themselves with the terms of the Order and to be bound by this Order. Recipients under (E)(c) shall agree in writing, by signing Exhibit B, to be bound by its terms of this Order and consent to the continuing jurisdiction of the Court for all proceedings arising out of this Order. Plaintiff's counsel shall maintain a copy of each signed Exhibit B. Upon motion and a showing of good cause by GM, these signed Exhibits shall be available for inspection by the Court.

(H) When used in depositions, Confidential Material and the information contained therein shall remain subject to the provisions of this Order. Confidential Material subject to this Order may be marked as an exhibit to a deposition, but it will not be attached to the deposition transcript as an exhibit unless attached under seal as Confidential Material. Further, portions of a deposition discussing Confidential Materials may be designated by GM as subject to this Order and as confidential. GM shall have fourteen (14) days after receipt of the transcript in any form to designate these portions of a transcript as Confidential Material. Plaintiff may challenge GM's designation of portions of transcripts as Confidential Material. If GM and Plaintiff cannot agree, GM shall file a motion within fourteen (14) days of receipt of written notice that Plaintiff does not agree to the confidential designation and seek a determination from the Court of the deposition's protectable status under applicable law. If this occurs, in no event will any deposition testimony be disseminated prior to a ruling on the Motion. If GM fails to file a motion within fourteen (14) days of receipt of Plaintiff's written notice, the protected status and Confidential designation of the testimony shall be waived.

(I) This Order does not apply to GM's computer modeling technology also known as finite element modeling. Requests for and production of that computer technology will be addressed by separate motions and orders, if necessary.

(J) Upon termination of this lawsuit, by judgment, settlement or otherwise, counsel for Plaintiff will retrieve all Confidential Material from any experts or consultants to whom such Confidential Material has been disclosed. Within thirty (30) days of termination of this lawsuit, Plaintiff's counsel shall return to GM through its counsel of record, at GM's expense, all Confidential Material so retrieved, and all Confidential Material (and copies of same) produced to Plaintiff's counsel throughout the pendency of the litigation.

(K) All Confidential Materials that are filed with, disclosed, or submitted to the Court or filings that contain any portion of any Confidential Material or specific information taken from any Confidential Material shall be under seal pursuant to the applicable Local Rules, Federal Rules of Civil Procedure, or as ordered by the Court or agreed to by Plaintiff and GM. Unless otherwise provided by the applicable Local Rules, Federal Rules of Civil Procedure, or as ordered by the Court or agreed to by Plaintiff and GM, any Confidential Material physically (as opposed to electronically) filed with the Court shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

> This envelope is sealed and contains confidential information and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

**BY THE COURT:**

By: _____
Dated: _____November 3, 2015_____

**STIPULATED AS TO FORM:**

_____  Dated: _____
Mitchell J. Alter (019961)
Vickery, Riehl & Alter
500 South Front Street Suite 200
Columbus, OH 43215
Telephone:  (614) 224-8160
Facsimile:  (614) 224-4943
Email: mitch@vralawyers.com


_____  Dated: _____
Patrick M. Ardis (pro hac vice)
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134
Telephone:  (901) 763-3336
Facsimile:  (901) 763-3376
E-mail: pardis@wolffardis.com


_____  Dated: _____
Michael P. Kinkopf (pro hac vice)
Eckert Seamans Cherin & Mellott, LLC
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, PA 19102
Telephone:  (215) 851-8400
Facsimile:  (215) 851-8383
mkinkopf@eckertseamans.com

7

PRODUCED BY GM IN _____ V. GM PURSUANT TO PROTECTIVE ORDER










PRODUCED BY GM IN _____ V. GM PURSUANT TO PROTECTIVE ORDER

EXHIBIT A

## EXHIBIT B

STATE OF _____ )
                                )ss.
COUNTY OF _____ )

I, _____ , hereby affirm that I have read the Protective Order entered in the above-entitled matter dated _____, 201__, I agree to be bound by the terms of that Protective Order, and have fully complied with all of its terms and provisions. I also consent to the continuing jurisdiction of the Court regarding all proceedings arising out of the Protective Order.

                                                  _____
                                                  Affiant

Subscribed and sworn to before me
this ____ day of _____, 20 __